**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Yocheved Shmuely, Yoni Dulitzki, Debra S. Hackett, and Quynh H. Nguyen, | : | Civil Action |
| | : | |
| | : | No. |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| Transdermal Specialties, Inc., Bruce K. Redding, Jr., Bruce K. Redding, Jr. Intellectual Property Trust, and Transdermal Specialties Global, Inc. | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

Plaintiffs Yocheved Shmuely, Yoni Dulitzki, Debra S. Hackett, and Quynh H. Nguyen ("Plaintiffs"), by their undersigned counsel, bring this action pursuant to the law cited herein against Defendants Transdermal Specialties, Inc., Bruce K. Redding, Jr., Bruce K. Redding, Jr. Intellectual Property Trust, and Transdermal Specialties Global, Inc. ("Defendants").

### Introduction

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania's Minimum Wage Act, 43 P.S. § § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL").

### Jurisdiction and Venue

2.      This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. §§ 1331, 1343. The supplemental jurisdiction of this Court is invoked with regard to Plaintiffs' state law claims.

3.      Venue is appropriate in the Eastern District of Pennsylvania because the events or omissions giving rise to Plaintiffs' claims occurred therein and because Defendants are doing business and/or may be served with process therein.

## The Parties

## Plaintiffs

4.      Yocheved Shmuely ("Ms. Shmuely") is an adult individual and is a citizen and resident of the United States. Ms. Shmuely resides in Wynnewood, Pennsylvania.

5.      Yoni Dulitzki ("Mr. Dulitzki") is an adult individual and is a citizen and resident of the United States. Mr. Dulitzki resides in Wynnewood, Pennsylvania.

6.      Debra S. Hackett ("Ms. Hackett") is an adult individual and is a citizen and resident of the United States. Ms. Hackett resides in Wilmington, Delaware.

7.      Quynh H. Nguyen ("Ms. Nguyen") is an adult individual and is a citizen and resident of the United States. Ms. Nguyen resides in Philadelphia, Pennsylvania.

## Defendants

8.      Defendant Transdermal Specialties, Inc. ("TSI") is a Delaware corporation with its principal place of business at 1101 Sussex Boulevard, Broomall, PA 19008.

9.      TSI is an employer pursuant to the FLSA because it generates over $500,000.00 in gross revenue annually or because it engages in interstate commerce.

10.     TSI is an employer within the meaning of the PMWA and the WPCL.

11.     According to TSI's website, TSI "is a pioneer in Ultrasonic active patch delivery systems for the drug and cosmetic industries. [TSI] has developed a patented delivery system that breaks new ground in active patch technology. This system generates ultrasonic transmissions of variable intensity and frequency on a programmed schedule that dilates the skin pores to allow

easy acceptance of drugs into the bloodstream (the U-Strip) and topical cosmetics just underneath the skin (the U-Wand)."

12.    TSI's two products are the U-Strip and the U-Wand.

13.    According to TSI's website, "[t]he U-Strip is the first totally non-invasive, painless, programmable and easy to use method to deliver large molecule drugs into the bloodstream while enhancing reliability and efficacy and minimizing negative side effects." See http://www.transdermalspecialties.com/home.html (accessed April 11, 2017).

14.    According to TSI's website, "[t]he U-Wand is the first dermatological device that dilates the skin's pores to allow easy acceptance of skincare products beneath the skin and directly into the pores for enhanced efficacy." See http://www.transdermalspecialties.com/home.html (accessed April 11, 2017).

15.    Defendant Bruce K. Redding, Jr. ("Redding") resides at 1 Kathryn Lane, Broomall, PA 19008. Redding is President and CEO of TSI.

16.    At all relevant times, Redding acted as an agent of and on behalf of TSI.

17.    Redding is an employer pursuant to the FLSA because he exercises significant control over TSI's operations, he exercised supervisory authority over Plaintiffs, and he was responsible in whole or part for the alleged violations set forth herein. See Exhibit "A".

18.    Redding is an employer within the meaning of the PMWA and the WPCL because he is policy decision maker for TSI in all areas of business, including but not limited to, compensation of employees.

19.    Defendant Bruce K. Redding, Jr. Intellectual Property Trust ("Redding IP Trust") is a trust, which Redding created to own all of TSI's intellectual property, including the U-Strip and the U-Wand patents. Redding IP Trust's principal place of business is 1 Kathryn Lane, Broomall, PA 19008.

20.     Redding IP Trust is an employer pursuant to the FLSA because it generates over $500,000.00 in gross revenue annually or because it engages in interstate commerce.

21.     Redding IP Trust is an employer within the meaning of the PMWA and the WPCL.

22.     Redding IP Trust is a joint employer of Plaintiffs.

23.     Redding IP Trust is a successor employer of Plaintiffs because:

(a)     Redding IP Trust will continue the operations of TSI in order to commercialize the U-Strip for the treatment of diabetes;

(b)     Redding IP Trust has notice of TSI's obligations to Plaintiffs; and

(c)     Redding IP Trust has the ability to provide adequate relief directly to Plaintiffs

24.     Redding IP Trust owns all of TSI's intellectual property, which it licenses to TSI.

25.     According to TSI's shareholder report dated February 24, 2016, "[a]ll patents are licensed from Bruce Redding IP Trust to TSI exclusively but can revert if the company files bankruptcy."

26.     Upon information and belief, Redding formed Bruce Redding IP Trust to circumvent Redding and TSI's FLSA, PWA, and WPCL obligations to Plaintiffs.

27.     Defendant Transdermal Specialties Global, Inc. ("TSGI") is a Delaware corporation with its principal place of business at 1101 Sussex Boulevard, Broomall, PA 19008.

28.     TSGI is an employer pursuant to the FLSA because it generates over $500,000.00 in gross revenue annually or because it engages in interstate commerce.

29.     TSGI is an employer within the meaning of the PMWA and the WPCL.

30.     TSGI is a joint employer

31.     TSGI is a successor employer of Plaintiffs because:

4

(a)     TSGI will continue the operations of TSI in order to commercialize the U-Strip for the treatment of diabetes;

(b)     TSGI has notice of TSI's obligations to Plaintiffs; and

(c)     TSGI has the ability to provide adequate relief directly to Plaintiffs

32.     Redding formed TSGI in March 2016 to receive a $13 million dollar investment from a South Korean investment consortium.

33.     Although the South Korean investment consortium approached TSI, Redding chose to form a new entity – TSGI – to receive the investment.

34.     Redding is a 60% owner of TSI and is a 23.5% owner of TSGI. TSI owns 25.5% of TSGI.

35.     Redding is CEO of both TSI and TSGI. TSI and TSGI also share the same CFO, Christian Limbert.

36.     TSI management will also serve as initial co-founders and management for TSGI.

37.     Two members of TSI's Board of Directors will join the Board of Directors of TSGI.

38.     Redding will continue his royalty stream from TSI and, in addition, receive a new royalty from the new TSGI operation.

39.     TSGI's purpose is to commercialize the U-Strip for the treatment of diabetes.

40.     TSI will relinquish its license on two patents owned by Redding, who will license them instead to TSGI.

41.     Upon information and belief, Redding formed Redding IP Trust and TSGI to circumvent Redding and TSI's FLSA, PWA, and WPCL obligations to Plaintiffs.

## **Factual Background**

### **Facts Related to Ms. Shmuely's Claims**

42.     In April 2015, TSI hired Ms. Shmuely as its Clinical Research Director and Ms. Shmuely became an employee of TSI.

43.     TSI orally contracted with Ms. Shmuely and agreed to compensate her with an annual salary of $95,000.00, payable in equal bi-weekly payments.

44.     At all relevant times, Ms. Shmuely worked out of TSI's headquarters in Broomall, PA.

45.     As Clinical Research Director, Ms. Shmuely worked approximately 40 or more hours per week. Redding, however, instructed all employees to record only 7.5 hours per day on TSI's time sheets.

46.     As Clinical Research Director, Ms. Shmuely's job duties included running Phase II Diabetes device trials, collaborating with large cosmetics companies to run skin trials, leading a cross functional clinical team for integration and delivery around clinical and medical issues ensuring regulatory and good clinical compliance at the study level, negotiating and maintaining business relationships with vendors, and business development activities.

47.     Between April 7, 2015 and November 13, 2015, TSI either underpaid or did not pay any wages to Ms. Shmuely.

48.     On November 13, 2015, Ms. Shmuely terminated her employment with TSI.

49.     At the time Ms. Shmuely terminated her employment with TSI, TSI owed $52,570.50 in unpaid wages to Ms. Shmuely.

50.     Ms. Shmuely retained counsel to recover the unpaid wages owed to her.

51.     In May and June 2016, Ms. Shmuely's counsel were in discussions with TSI's counsel regarding unpaid wages owed to Ms. Shmuely.

52. Ms. Shmuely's counsel were preparing a demand that included all unpaid wages, interest, liquidated damages, and attorney's fees pursuant to the laws cited herein.

53. By letter dated July 7, 2016, TSI mailed a check to Ms. Shmuely's counsel, which purports to represent all wages owed to Ms. Shmuely. A true and correct copy of the July 7, 2016 letter is attached hereto as Exhibit "B" and a true and correct copy of the check that TSI issued to Ms. Shmuely is attached hereto as Exhibit "C".

54. The check stub shows gross earnings of $31,991.76. See Exhibit "C".

55. As stated above, the gross earnings owed to Ms. Shmuely is $52,570.50.

56. The check stub also shows tax withholdings at a rate of 45%. See Exhibit "C".

57. Had TSI timely paid all wages owed to Ms. Shmuely when due, the tax rate would be approximately 25%.

58. TSI failed to pay all wages, interest, liquidated damages, and attorney's fees owed to Ms. Shmuely. See Exhibit "C".

**Facts Related to Mr. Dulitzki's Claims**

59. On May 4, 2015, TSI hired Mr. Dulitzki as an Intern.

60. TSI orally contracted with Mr. Dulitzki and agreed to compensate him with an annual salary of $25,000.00, payable in equal bi-weekly payments.

61. At all relevant times, Mr. Dulitzki worked out of TSI's headquarters in Broomall, PA.

62. As an Intern, Mr. Dulitzki sometimes worked more than 40 hours per week. Redding, however, instructed all employees to record only 7.5 hours per day on TSI's time sheets.

63. As an Intern, Mr. Dulitzki's job duties included monitoring clinical studies, summarizing data and results, and writing a federal NIH grant.

7

64.     Between July 24, 2015 and August 21, 2015, TSI did not pay any wages to Mr. Dulitzki.

65.     On August 21, 2015, Mr. Dulitzki's internship with TSI ended.

66.     At the time Mr. Dulitzki terminated his employment with TSI, TSI owed $2,886.00 in unpaid wages to Mr. Dulitzki.

67.     Mr. Dulitzki retained counsel to recover the unpaid wages owed to him.

68.     In May and June 2016, Mr. Dulitzki's counsel were in discussions with TSI's counsel regarding unpaid wages owed to Mr. Dulitzki.

69.     On June 17, 2016, Mr. Dulitzki's counsel demanded that TSI pay the $2,886.00 in unpaid wages plus interest, liquidated damages, and attorneys' fees pursuant to the laws cited herein.

70.     By letter dated July 7, 2016, TSI mailed a check to Mr. Dulitzki's counsel, which purports to represent all wages owed to Mr. Dulitzki. A true and correct copy of the July 7, 2016 letter is attached hereto as Exhibit "B" and a true and correct copy of the check that TSI issued to Mr. Dulitzki is attached hereto as Exhibit "D".

71.     The check stub shows gross earnings of $1,598.99. See Exhibit "D".

72.     As stated above, the gross earnings owed to Mr. Dulitzki is $2,886.00.

73.     The check stub also shows tax withholdings at a rate of 45%. See Exhibit "D".

74.     Had TSI timely paid all wages owed to Mr. Dulitzki when due, the tax rate would be approximately 25%.

75.     Despite demand, TSI failed to pay all wages, interest, liquidated damages, and attorney's fees owed to Mr. Dulitzki. See Exhibit "D".

**Facts Related to Ms. Hackett's Claims**

76.     On April 1, 2015, TSI hired Ms. Hackett as its Regulatory Affairs Director.

77.     TSI orally contracted with Ms. Hackett and agreed to compensate her with an annual salary of $125,000.00, payable in equal bi-weekly payments.

78.     At all relevant times, Ms. Hackett worked out of TSI's headquarters in Broomall, PA.

79.     As Regulatory Affairs Director, Ms. Hackett's job duties included interacting with the Federal Drug Administration (FDA), providing regulatory guidance and strategy to support TSI's product development program, adhering to the regulatory requirements to support TSI's clinical program including preparing documentation for Independent Board Review and approval, coordinating clinical site initiation and close-out visits, assisting with preparing clinical documents including protocol and clinical study report, participating in clinical trial to help monitor TSI's operation of the medical device, supervising a junior staff member, and assisting TSI's attorney with updates to patent information.

80.     Between July 1, 2015 and December 11, 2015, TSI did not pay any wages to Ms. Hackett except for a partial payment of $150.00.

81.     On December 11, 2015, Ms. Hackett terminated her employment with TSI.

82.     At the time Ms. Hackett terminated her employment with TSI, TSI owed approximately $55,228.46 in unpaid wages to Ms. Hackett.

83.     Ms. Hackett retained counsel to recover the unpaid wages owed to her.

84.     In May and June 2016, Ms. Hackett's counsel were in discussions with TSI's counsel regarding unpaid wages owed to Ms. Hackett.

85.     Ms. Hackett's counsel were preparing a demand that included all unpaid wages, interest, liquidated damages, and attorney's fees pursuant to the laws cited herein.

9

86.     By letter dated July 7, 2016, TSI mailed a check to Ms. Hackett's counsel, which purports to represent all wages owed to Ms. Hackett. A true and correct copy of the July 7, 2016 letter is attached hereto as Exhibit "B" and a true and correct copy of the check that TSI issued to Ms. Hackett is attached hereto as Exhibit "E".

87.     The check stub shows gross earnings of $39,732.60. See Exhibit "E".

88.     As stated above, the gross earnings owed to Ms. Hackett is approximately $55,228.46.

89.     The check stub also shows tax withholdings at a rate of 45%. See Exhibit "E".

90.     Had TSI timely paid all wages owed to Ms. Hackett when due, the tax rate would be approximately 25%.

91.     Despite demand, TSI failed to pay all wages, interest, liquidated damages, and attorney's fees owed to Ms. Hackett. See Exhibit "E".

### Facts Related to Ms. Nguyen's Claims

92.     On January 20, 2015, TSI hired Ms. Nguyen as a Clinical Technician.

93.     On January 20, 2015, TSI contracted with Ms. Nguyen and agreed to compensate her with an annual salary of $55,000.00, payable in equal bi-weekly payments, for the first 90 days, which salary increased to $75,000.00, payable in equal bi-weekly payments, on April 20, 2015. A true and correct copy of the Ms. Nguyen's Employment Agreement is attached hereto as Exhibit "F".

94.     At all relevant times, Ms. Nguyen worked out of TSI's headquarters in Broomall, PA.

95.     As Clinical Technician, Ms. Nguyen's job duties included assisting in preparing regulatory submissions, development of medical electronic systems, development of medical devices, and biomedical testing and human clinical tests of the company's products.

96.     Between May 1, 2015 and November 13, 2015, TSI either underpaid or did not pay any wages to Ms. Nguyen.

97.     On November 13, 2015, Ms. Nguyen's employment with TSI ended.

98.     At the time Ms. Nguyen terminated his employment with TSI, TSI owed $27,140.00 in unpaid wages to Ms. Nguyen.

99.     Ms. Nguyen retained counsel to recover the unpaid wages owed to her.

100.    In May and June 2016, Ms. Nguyen's counsel were in discussions with TSI's counsel regarding unpaid wages owed to Ms. Nguyen.

101.    On June 24, 2016, Ms. Nguyen's counsel demanded that TSI pay the $27,140.00 in unpaid wages plus interest, liquidated damages, and attorneys' fees pursuant to the laws cited herein.

102.    By letter dated July 7, 2016, TSI mailed a check to Ms. Nguyen's counsel, which purports to represent all wages owed to Ms. Nguyen. A true and correct copy of the July 7, 2016 letter is attached hereto as Exhibit "B" and a true and correct copy of the check that TSI issued to Ms. Nguyen is attached hereto as Exhibit "G".

103.    The check stub shows gross earnings of $24,771.06. See Exhibit "G".

104.    As stated above, the gross earnings owed to Ms. Nguyen is $27,140.00.

105.    The check stub also shows tax withholdings at a rate of 45%. See Exhibit "G".

106.    Had TSI timely paid all wages owed to Ms. Nguyen when due, the tax rate would be approximately 25%.

107.    Despite demand, TSI failed to pay all wages, interest, liquidated damages, and attorney's fees owed to Ms. Nguyen. See Exhibit "G".

**Count I**
**FLSA – Failure to Pay Minimum Wage**
<u>**All Plaintiffs vs. All Defendants**</u>

108.    Paragraphs 1 through 107 are incorporated herein by reference as if set forth at length.

109.    As averred above, TSI is an employer within the meaning of the FLSA.

110.    As averred above, Redding is an employer within the meaning of the FLSA.

111.    As averred above, Redding IP Trust is an employer within the meaning of the FLSA.

112.    As averred above, TSGI is an employer within the meaning of the FLSA.

113.    At all relevant times, Plaintiffs were employees of Defendants.

114.    In 2015, Pennsylvania's minimum wage was $7.25 per hour.

115.    As averred above, in 2015, Plaintiffs worked more than 40 hours per week.

116.    As averred above, between April 7, 2015 and November 13, 2015, TSI either underpaid or did not pay any wages owed to Ms. Shmuely.

117.    Accordingly, between April 7, 2015 and November 13, 2015, TSI failed to pay Ms. Shmuely minimum wage.

118.    As averred above, between July 24, 2015 and August 21, 2015, TSI did not pay any wages owed to Mr. Dulitzki.

119.    Accordingly, between July 24, 2015 and August 21, 2015, TSI failed to pay Mr. Dulitzki minimum wage.

120.    As averred above, between July 1, 2015 and December 11, 2015 TSI either underpaid or did not pay any wages owed to Ms. Hackett.

121.    Accordingly, between July 1, 2015 and December 11, 2015, TSI failed to pay Ms. Hackett minimum wage.

122.    As averred above, between May 1, 2015 and November 13, 2015, TSI did not pay any wages owed to Ms. Nguyen.

123.    Accordingly, between May 1, 2015 and November 13, 2015, TSI failed to pay Ms. Nguyen minimum wage.

124.    Defendants' actions constitute willful violations of the FLSA.

125.    At all relevant times, TSI employed approximately ten individuals.

126.    From April 7, 2015 through December 11, 2015, TSI made improper deductions to Plaintiffs' wages. Further, on occasions that TSI paid wages, TSI did not remit payroll taxes to appropriate government authorities. See Exhibit "A".

127.    From April 7, 2015 through December 11, 2015, TSI improperly reduced the salaries of approximately ten employees.

128.    Redding was responsible for taking the improper salary deductions.

129.    Defendants do not have a clearly communicated policy that permits or prohibits improper deductions.

130.    Since Defendants have an actual practice of making improper deductions from its employees' pay, the salary basis rule cannot be met during the time period in which improper deductions were made. Therefore, Plaintiffs were not paid on a salary basis as required for exemption during the relevant time period.

131.    Plaintiffs seek all remedies permitted under the FLSA, including unpaid wages, interest, liquidated damages, and attorney's fees and costs.

**Count II**
**FLSA − Failure to Pay Overtime Compensation**
**Plaintiffs Shmuely and Dulitzki vs. All Defendants**

132.    Paragraphs 1 through 131 are incorporated herein by reference as if set forth at length.

133.    As averred above, in 2015, Plaintiffs Shmuely and Dulitzki worked more than 40 hours per week.

134.    Plaintiffs Shmuely and Dulitzki were not compensated at a rate of time and one half of their hourly wage.

135.    Between April 7, 2015 and November 13, 2015, Ms. Shmuely worked more than 40 hours per week.

136.    Between July 24, 2015 and August 21, 2015, Mr. Dulitzki worked more than 40 hours per week.

137.    As averred above, despite knowing employees worked more than 40 hours each week, Redding instructed all employees to record only 7.5 hours per day on TSI's time sheets.

138.    Defendants' actions constitute willful violations of the FLSA.

139.    Since Defendants have an actual practice of making improper deductions from its employees' pay, the salary basis rule cannot be met during the time period in which improper deductions were made. Therefore, Plaintiffs Shmuely and Dulitzki were not paid on a salary basis as required for exemption during the relevant time period.

140.    Pursuant to the FLSA, Plaintiffs Shmuely and Dulitzki are entitled to overtime compensation.

141.    Plaintiffs Shmuely and Dulitzki seek all remedies permitted under the FLSA, including unpaid overtime, interest, liquidated damages, and attorney's fees and costs.

**Count III**
**PMWA – Failure to Pay Minimum Wage**
**All Plaintiffs vs. All Defendants**

142.     Paragraphs 1 through 141 are incorporated herein by reference as if set forth at length.

143.     As averred above, in 2015, Defendants failed to pay minimum wage to Plaintiffs.

144.     Defendants' failure to pay Plaintiffs constitutes a violation of the PMWA because Defendants did not pay Plaintiffs minimum wage.

145.     Pursuant to the PMWA, Plaintiffs are entitled to compensation for the time periods they were not paid minimum wage.

146.     Plaintiffs seek all remedies permitted under the PMWA, including unpaid wages, interest, liquidated damages, and attorney's fees and costs.

**Count IV**
**PMWA – Failure to Pay Overtime Compensation**
**Plaintiffs Shmuely and Dulitzki vs. All Defendants**

147.     Paragraphs 1 through 146 are incorporated herein by reference as if set forth at length.

148.     As averred above, in 2015, Defendants failed to pay overtime to Plaintiffs Shmuely and Dulitzki.

149.     Defendants' failure to pay overtime also constitutes a violation of the PMWA.

150.     Pursuant to the PMWA, Plaintiffs Shmuely and Dulitzki are entitled to overtime compensation.

151.     Plaintiffs Shmuely and Dulitzki seek all remedies permitted under the PMWA, including unpaid overtime, interest, liquidated damages, and attorney's fees and costs.

**Count V**
**Pennsylvania Wage Payment and Collection Law**
**All Plaintiffs vs. All Defendants**

152.    Plaintiffs incorporate by reference Paragraphs 1 through 151 as if fully stated herein.

153.    As averred above, Plaintiffs were employees of TSI.

154.    As averred above, Defendants are employers under the WPCL.

155.    As averred above, Redding is a policy decision maker for TSI in all areas of business, including but not limited to, compensation of employees.

156.    Because of his policy-making role, Redding is also an employer under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.2(a) ("WPCL").

157.    As averred above, in 2015, Defendants failed to pay the agreed-upon salaries to Plaintiffs.

158.    Redding made the decision to not pay Plaintiffs.

159.    Plaintiffs did not authorize Defendants to withhold wages.

160.    Defendants, upon information and belief, never sought or obtained the Pennsylvania Department of Labor and Industry's approval for the pay deductions.

161.    Defendants took unauthorized wage deductions for their convenience and not for the convenience of Plaintiffs.

162.    The WPCL requires employers to pay covered employees for every hour worked in a workweek and that they pay wages on regular paydays. 43 P.S. § 260.3.

163.    The WPCL prohibits pay deductions except for those explicitly permitted by law or regulation, none of which apply to this lawsuit. 43 P.S. § 260.3, 32 Pa. Code § 9.1.

164.    Payment of the unpaid wages is more than 60-days overdue.

165.    Defendants do not have a good faith basis to defend, assert a counterclaim or set off against the wages due and owing to Plaintiffs.

166.    Defendants violated the WPCL by making unauthorized deductions from Plaintiffs' pay.

167.    In addition to the wages owed, Plaintiffs are entitled to liquidated damages in the amount of 25% of the wages owed or $500.00, whichever is greater. 43 P.S. § 260.10.

168.    Plaintiffs are also entitled to attorneys' fees and costs. 43 P.S. § 260.90a(f).

169.    Under Pennsylvania's Wage Payment and Collection Law, Defendants are statutory employers for these purposes and as such, are jointly and separately liable for all wages owed to Plaintiff, for liquidated damages, and for Plaintiff's attorneys' fees and costs.

**Count VI**
**Breach of Contract**
**<u>All Plaintiffs vs. All Defendants</u>**

170.    Plaintiffs incorporate by reference Paragraphs 1 through 169 as if fully stated herein.

171.    As averred above, Defendants entered into a written employment contract with Ms. Nguyen and oral employment contracts with Ms. Shmuely, Mr. Dulitzki, and Ms. Hackett.

172.    Plaintiffs complied with the terms of their contracts entered into with TSI.

173.    As averred above, TSI failed to perform according to the contracts.

174.    As a result of TSI's breach of contract, Plaintiffs have suffered damages.

**Count VII**
**Unjust Enrichment**
**All Plaintiffs vs. All Defendants**

175. Plaintiffs incorporate by reference Paragraphs 1 through 174 as if fully stated herein.

176. As averred above, in 2015, Plaintiffs worked for TSI.

177. TSI benefited from Plaintiffs' work.

178. As averred above, in 2015, TSI refused to pay Plaintiffs their salaries.

179. By not paying Plaintiffs, all Defendants have been unjustly enriched.

**RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests this Court to:

(a) Issue a Declaratory Judgment declaring that Defendants' actions, as set forth in this Complaint, violated Plaintiffs' rights under the FLSA, the PMWA, and the WPCL.

(b) Enjoin and restrain Defendants acting on behalf of, or in concert with, Defendants from engaging in such unlawful practices.

(c) Enter judgment in favor of Plaintiffs, and against Defendants, for all unpaid wages, unpaid overtime, liquidated damages, interest, and penalties, as allowable under the FLSA, the PMWA, and the WPCL.

(d) Enter judgment in favor of Plaintiffs for all unpaid wages that Defendants agreed to pay Plaintiffs.

(e) Award Plaintiffs reasonable attorneys' fees together with the costs of this action.

(f) Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of Plaintiffs' rights, to prevent their recurrence in the future and to protect other employees from such unlawful behavior.

## JURY DEMAND

Plaintiffs hereby demand a jury to try all claims triable by jury.

Dated: April 12, 2017

Stephanie J. Mensing (PA ID No. 89625)
Mensing Law LLC
The Philadelphia Building
1315 Walnut Street – Suite 917
Philadelphia, PA 19107
(215) 586-3751; (215) 359-2741 fax


/s/ William J. Brennan, IV
William J. Brennan, IV (PA ID No. 63361)
Brennan Law Group, LLC
107 Forrest Avenue, Suite 104
P.O. Box 426
Narberth, PA 19072
(484) 278-4298

Attorneys for Plaintiffs